UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BROCK CRABTREE, | ) | |
| RICK MYERS, | ) | |
| ANDREW TOWN, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:16-cv-00877-SEB-MJD |
| | ) | |
| vs. | ) | |
| | ) | |
| ANGIE'S LIST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO COMPEL

This matter is before the Court on a *Motion to Compel* filed by Defendant Angie's List, Inc. [Dkt. 46.] Defendant seeks an order compelling Plaintiffs to respond to certain written discovery requests. For the reasons set forth below, the Court **DENIES** Defendant's Motion.

### I.  Background

In this Fair Labor Standards Act ("FLSA") action, Plaintiffs assert they were wrongfully denied overtime compensation during a one-year period in which they worked as Senior Sales Representatives, also known as "Closers." In that position, Plaintiffs finalized sales with service providers for advertising on the Angie's List website and spent a significant portion of their workday on the telephone. Because Defendant did not provide company-issued laptops or cell phones for use outside the office, Plaintiffs often used their personal electronic devices for work purposes.

Plaintiffs believe they spent approximately 10-12 hours per day working for Defendant, but were paid based upon an eight-hour day and 40-hour workweek. Defendant now seeks to obtain GPS and location services data from Plaintiffs' personal cell phones to "construct a

1

detailed and accurate timeline of when Plaintiffs were or were not working." [Dkt. 47 at 8.] Plaintiffs object, arguing that the request poses significant privacy concerns and that the GPS data will not accurately portray whether Plaintiffs were working at any given time. Plaintiffs further argue that Defendant has alternative, and far less intrusive, means to identify periods of time when Plaintiffs were working.

Defendant also raises more general concerns about Plaintiffs' responses to other Requests for Production. Each of the relevant requests will be addressed in turn below.

## II.     Legal Standard

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *McGrath v. Everest Nat'l Ins. C*o., 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008).

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26 further provides that the Court may impose additional limitations if a discovery request is cumulative, late, or out of proportion to the needs of the case:

> **(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> **(i)**    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

**(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

**(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014). The Court is mindful of these standards as it turns to the substance of Defendant's Motion.

### III. Discussion

#### A. Interrogatory No. 12 and Request for Production No. 19

Defendant initially sought the identification of all equipment used by Plaintiffs as part of their employment with Defendant (Interrogatory No. 12) and requested that Plaintiffs submit for forensic examination all such equipment (Request for Production No. 19). Defendant subsequently narrowed its request to the production of GPS and/or location services data between September 2014 and September 2015 from any and all computers, cellular telephones, smartphones, tablets, and other communication devices used by Plaintiffs during work time during their employment with Defendant. [Dkt. 47 at 6.]

Defendant asserts that this data is relevant to establishing how many hours Plaintiffs worked during that yearlong period. For example, Defendant notes that Plaintiffs could remain logged in to their computers on the SalesForce software, but be inactive for up to four hours. Defendant asserts the GPS data would identify whether Plaintiffs left for the day, left for lunch or some other unpaid break during that four-hour window when they were still logged on to SalesForce. Yet if Plaintiffs were permitted, in fact expected, to work outside the office to accommodate clients in different time zones, the fact that Plaintiffs' phones had left the Angie's

3

List building would have no meaningful impact on whether the employees were performing work at that time.

Nevertheless, Defendant cites a number of district court cases purporting to support its theory that other courts have allowed similar production requests, including one from this district, *Head v. Professional Transportation, Inc.*, Case No. 3:13-cv-0208-RLY-WGH (S.D. Ind.). In *Head*, plaintiff was permitted to obtain GPS data from trucks used in defendant's business to test the accuracy of the run data previously provided by defendant. *Head*, Docket No. 51 (Feb. 20, 2015). Angie's List asserts that the GPS data in conjunction with the SalesForce data would create a more accurate picture of Plaintiffs' work hours. But Defendant is overlooking a clear distinction between its request and the one posed in *Head*: Plaintiffs' privacy interests. In *Head*, it was plaintiff who sought the GPS data from the device in the defendant employer's *truck*, which presumably tracked location while the truck was being driven during the workday – a much more pointed request than seeking all GPS/location data for 24-hours a day for a one year period from a personal device that would be tracking Plaintiffs' movements well outside of their working time.

Likewise, none of the other cases cited by Defendant were persuasive on this issue. In *Baclawski v. Mountain Real Estate Capital LLC*, the court denied defendant's request to image plaintiff's cell phone and computer and allowed access only to data from a Time Recording app. *Baclawski,* 2016 WL 3381258, at *2–3 (W.D.N.C. June 10, 2016). In each of the other cases relied upon by Defendant, the courts compelled the production of cell phone *records* – such as the call history – not data as intrusive as GPS data that would track Plaintiffs' locations at every moment of the day for a year. Plaintiffs have already produced cell phone records that are the equivalent of those ordered to be produced in the cases cited by Defendant.

4

Rule 26 requires the Court to limit discovery if it can be obtained from another source that is more convenient, less burdensome, or less expensive. Rule 26(b)(2)(C)(i). Additionally, the Advisory Committee Notes to the Federal Rules advises the courts to act with caution when evaluating requests to inspect a party's electronic devices or systems for ESI, in order to avoid unduly impinging on a party's privacy interests:

> Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information *is not meant to create a routine right of direct access to a party's electronic information system*, although such access might be justified in some circumstances. *Courts should guard against undue intrusiveness* resulting from inspecting or testing such systems.

Fed. R. Civ. P. 34, Advisory Committee Notes—2006 Amendment (emphasis added).

Discovery must also be "proportional to the needs of the case." Rule 26(b)(1). In this FLSA action, the parties will need to establish when Plaintiffs were performing work for Defendant. Plaintiffs assert they have already provided Defendant with cell phone records that would allow Defendant to identify business-related calls. Defendant also has access to data from SalesForce that will show when Plaintiffs were logged into the software as well as data that will show when Plaintiffs were present at Angie's List's offices such as badge swipe data and log in data from their work computers. Defendant has not demonstrated that the GPS/location services data from Plaintiffs' electronic devices will be more probative than any of the above data Defendant already has in its possession. Therefore, the Court finds that the forensic examination of Plaintiffs' electronic devices is not proportional to the needs of the case because any benefit the data might provide is outweighed by Plaintiffs' significant privacy and confidentiality interests. *See Hespe v. City of Chicago*, 2016 WL 7240754 at *3 (N.D. Ill. 2016). Defendant's Motion is **DENIED** as to Request for Production No. 19.

In response to Interrogatory No. 12, Plaintiffs state they have identified their cell phones by virtue of producing their cell phone records to Defendant. Plaintiffs assert that they have no other personal devices or equipment to identify that was used as part of their employment with Defendant. Consequently, Defendant's Motion is **DENIED** as to Interrogatory No. 12.

### B. Request for Production No. 2

This request seeks documents referencing Plaintiffs' employment with Angie's List. Plaintiffs objected to the request as overbroad and unduly burdensome, however Plaintiff Myers produced documents responsive to the request. Plaintiffs Crabtree and Town responded that they had no documents to produce. Defendant asserts Plaintiffs responses are incomplete because they did not clarify that they are not *withholding* any responsive documents.

Parties are obligated to affirmatively state that documents are being withheld in two scenarios. First, Rule 26 provides that when any information or documents are withheld during discovery on the basis of privilege or the work product doctrine, the withholding party must (1) expressly claim the privilege and (2) describe each document, communication, or tangible thing being withheld "in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim [of privilege]." Fed. R. Civ. P. 26(b)(5)(A). Second, Rule 34(b)(2)(C) requires parties to state whether any documents are being withheld on the basis of an objection.

In their response to the Motion, Plaintiffs unequivocally state that Plaintiff Myers produced responsive documents and the remaining plaintiffs had no documents to produce. If Plaintiffs are withholding responsive documents, they are obligated to either identify the documents on a privilege log (if privileged or work product) or to state that responsive documents are being withheld on the basis of an objection as required by Rule 34(b)(2)(C).

6

However, Plaintiffs have no obligation to affirmatively state that they are **not** withholding documents. Accordingly, Defendant's Motion is **DENIED** as to this request.

### C. Request for Production No. 3

This request seeks any documents removed by Plaintiffs from Defendant's premises. Plaintiffs Myers and Crabtree stated in response that responsive documents were produced to Angie's List in a previous unrelated lawsuit. Plaintiff Town responded that he had no documents to produce. Defendant now seeks clarification that it may use the previously produced confidential documents in this case. There does not appear to be a dispute here that requires a ruling from the Court. Plaintiffs' response to a request for production in this lawsuit points Defendant to documents produced in a prior lawsuit. The Court finds this response clearly implies Plaintiffs intend for the documents to be utilized in this lawsuit. Consequently, this request is **DENIED AS MOOT**.

### D. Request for Production No. 8

This request seeks "communications with any person . . . regarding any allegation in the Complaint." [Dkt. 47-1 at 22.] Plaintiffs assert they have produced the relevant documents and have no additional documents to produce. Defendant maintains Plaintiffs' response is "evasive and incomplete" because it fails to indicate whether "*responsive*" documents have been produced. [Dkt. 53 at 7 (emphasis in original).] In their response, Plaintiffs unequivocally state that they "have no additional documents to produce." [Dkt. 52 at 10.] Defendant appears to be arguing a semantical issue; there is no discovery dispute here for the Court to rule upon. This request is **DENIED AS MOOT**.

### E. Request for Production No. 14

This request seeks documents "prepared or obtained" by Plaintiffs during their employment with Defendant. [Dkt. 47-1 at 24.] Plaintiff Myers produced documents responsive to this request. Plaintiffs Crabtree and Town assert they have no responsive documents to produce. Defendant again asserts Plaintiffs responses are incomplete because they did not clarify that they are not withholding any responsive documents. As noted above, Plaintiffs are under no obligation to affirmatively state they are **not** withholding documents. Defendant's Motion is **DENIED** as to this request.

### F. Request for Production No. 27

This request seeks documents such as email messages, social media posts, work schedules, journals, diaries, calendars, text messages, blog or website posts, Twitter messages or other social media posts "prepared, created, obtained, or used by" Plaintiffs from September 2014 to September 2015 that related to absences from or attendance at work. [Dkt. 47-8 at 4.] Plaintiffs respond that they did not "keep any diaries, journals, calendars, or appointment books" and have no documents responsive to the requests for those items. Plaintiffs further state that to the extent the request seeks emails, text messages and social media posts, it is a "fishing expedition" not relevant to the claims or defenses in the case.[1]

As Judge Posner has noted, "of course pretrial discovery is a fishing expedition and one can't know what one has caught until one fishes. But Fed. R. Civ. P. 45(c) allows the fish to object." *Northwestern Memorial Hosp. v. Ashcroft,* 362 F.3d 923, 931 (7th Cir. 2004). In this instance, the Court shares Plaintiffs' concerns that Defendant casts too wide a net as it does not

---

[1] Plaintiffs interpret this request as seeking evidence that Plaintiffs may not have been working productively during their work hours because, for example, they were posting to social media instead of working. The Court interprets "related to absences from or attendance at work" more narrowly to include only that which is directly related to absences or attendance.

sufficiently justify the breadth of the request. Defendant argues that it is entitled to discovery if Plaintiffs "took 2-hour lunches, were gone running errands during the day, or remained logged in to SalesForce during periods they were not working." [Dkt. 53 at 9.] And on this point Defendant is correct. However, Defendant has not shown how emails, text messages or social media posts from this one year time period may be more probative as to these issues than other less intrusive data already within its control, such as the SalesForce data, computer log ins, or badge swipe data. As discussed with regard to the GPS/location services data, the Court has an obligation to guard against intrusive discovery. Defendant's broad request would encompass clearly personal communications such as an email string relating to an upcoming vacation between an employee and his or her spouse, or text messages planning a lunch date. These communications "relate to absences from work" yet have absolutely no relevance to this lawsuit. Additionally, the scope of the information sought by Defendant is plainly not proportional to the needs of this case. Therefore, Defendant's Motion is **DENIED** as to this request.

      **G.  Request for Production No. 28**

Finally, this request seeks calendars, appointment books, work schedules, and planners, electronic and otherwise, from September 2014 to September 2015 relating to any time off work Plaintiffs took during their employment with Defendant. Plaintiffs note in their response to this Motion that they have no documents responsive to this request. In its reply, Defendant contends that Plaintiffs should clarify and amend their discovery responses to clearly state they have no responsive documents. The Court finds that Plaintiffs' response to the Motion is sufficient and therefore **DENIES** Defendant's Motion as to this request.

### IV. Attorney Fees

Both parties seek fees and costs associated with this Motion. Under Rule 37(a)(5), if a motion to compel is denied, the Court may order the moving party to pay the reasonable expenses incurred in opposing the motion, including attorney's fees. Although the Court denied this Motion, Defendant's position with regard to the GPS/location services data was not so unreasonable as to justify a fee award. However, the Court notes that much of the remainder of Defendant's Motion appeared to be ground clutter with no real dispute to resolve. The Court cautions Defendant that such clutter in future discovery motions may warrant a fee award.

### V. Conclusion

Based on the foregoing, Defendant's *Motion to Compel* [Dkt. 46] is **DENIED**.

Dated: 31 JAN 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.