UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROCK CRABTREE, *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 1:16-cv-00877-SEB-MJD<br>) |
| ANGIE'S LIST, INC., | )<br>) |
| Defendant. | ) |

**ORDER ON PLAINTIFFS' RULE 30(d)(3) MOTION TO TERMINATE DEPOSITIONS**

This matter is before the Court on *Plaintiffs' Rule 30(d)(3) Motion to Terminate Depositions*. [Dkt. 79.] For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

### I. Background

This is a Fair Labor Standards Act ("FLSA") action brought by three former employees of Defendant Angie's List, Inc. ("Angie's List"). Plaintiffs assert Angie's List misclassified them as exempt employees, instructed them not to keep track of their work hours, and paid them no overtime. All three Plaintiffs currently work for HomeAdvisor, a primary competitor of Angie's List. During each of the Plaintiff's depositions in June of 2017, counsel for Angie's List asked questions about their employment with HomeAdvisor, such as their job duties, title, salary, whether they worked remotely, whether they are eligible for overtime pay, and how they track their hours worked. Plaintiffs' counsel objected and instructed the witnesses not to answer based on relevance and to avoid the disclosure of allegedly confidential and proprietary information of HomeAdvisor.

1

Counsel for both sides failed to contact the Court during the depositions for a ruling upon Plaintiffs' counsel's objections. Instead, the parties continued the depositions, each lasting approximately seven hours. Plaintiffs now seek an order from the Court under Federal Rule of Civil Procedure 30(d)(3) terminating the depositions.

## II. Discussion

There are only three occasions when the Federal Rules of Civil Procedure allow counsel to instruct a witness not to answer a question during a deposition: (1) to preserve a privilege; (2) to enforce a limitation ordered by the court; or (3) to present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30 (c)(2). As the objections cited in Plaintiffs' Motion were not based upon privilege and there is no order from the Court limiting the scope of the deposition, the only appropriate basis for instructing Plaintiffs not to answer here would be to present a motion under Rule 30(d)(3).[1]

Rule 30(d)(3) provides that a party may move to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). A court may order the deposition terminated "or may limit its scope and manner as provided in Rule 26(c)." Fed. R. Civ. P. 30(d)(3)(B).[2]

The dispute here involves questions that relate to Plaintiffs' current employment with HomeAdvisor, a competitor of Angie's List. In the excerpts provided to the Court, on multiple

---

[1] Angie's List argues Plaintiffs' Motion fails to address the instances in which Plaintiffs' counsel objected on the basis of privilege. However, if Defendant believes Plaintiffs' privilege objections were inappropriate, it is Defendant's obligation to raise such an issue by motion.

[2] The Court notes that Plaintiffs' counsel was obligated to file this motion pursuant to Rule 30(d)(3) as soon as she instructed the witness not to answer for a reason other than to preserve a privilege or to enforce a limitation ordered by the Court. Counsel should have quickly contacted the Magistrate Judge to schedule the conference required in advance of such a motion, and immediately filed such motion if still necessary. As noted, this entire exercise would likely have been rendered moot had the parties simply contacted the Magistrate Judge during the course of the deposition.

occasions Plaintiffs' counsel instructed the witnesses not to answer based upon relevance and confidentiality. For example, the following is an excerpt from the deposition of Rick Myers:

> Q: At any point during your employment with HomeAdvisor, did you work from home or work remotely?
>
> MS. DELANEY: I'm going to object.
>
> A: I'm not going to –
>
> MS. DELANEY: That's not relevant, has nothing to do with his claim against Angie's List for overtime.
>
> MS. WILSON: You can ask whether – you can answer that.
>
> MS. DELANEY: No.
>
> THE WITNESS: I'm not.
>
> MS. DELANEY: I'm his attorney, and I'm the one who tells him whether he can answer it or not.
>
> MS. WILSON: Okay. So you're not going to answer whether or not you worked remotely at HomeAdvisor.
>
> MS. DELANEY: Not only is it not relevant to the case that we're here about today, but it is confidential and proprietary information of HomeAdvisor who is Angie's List's number one competitor.
>
> MS. WILSON: As to whether or not they work remotely.
>
> MS. DELANEY: You're asking about their sales process. You're asking about how they compete with you.
>
> MS. WILSON: No, I'm not.

[Dkt. 79-1 at 6-7.]

Similarly, in Plaintiff Town's deposition, the following exchange occurred:

> Q: What is your title at HomeAdvisor?
>
> MS. DELANEY: I'm going to object and instruct the witness not to answer.
>
> MS. WILSON: For his title at HomeAdvisor, Kathleen?

| | | |
|---|---|---|
| MS. DELANEY: | | Anything that's not public, he can't answer. |
| MS. WILSON: | | It's not public, his title? |
| MS. DELANEY: | | If you have it publicly available to you, then you don't need to ask him the question. |
| MS. WILSON: | | Are you serious? I mean, you think this is a proper basis to instruct him not to answer, his title of his current job? |
| MS. DELANEY: | | Their business strategy, how they brand their positions, all of that – |
| MS. WILSON: | | I'm not asking that. I'm asking his title. |
| MS. DELANEY: | | Right. And I'm instructing the witness not to answer. |
| MS. WILSON: | | For his title of his position? |
| MS. DELANEY: | | Correct. And it also, by the way, has nothing to do with his overtime case against Angie's List. Where he worked before or where he worked after is completely irrelevant to this lawsuit. |
| MS. WILSON: | | It does. |
| MS. DELANEY: | | And it has no bearing on – makes no fact at issue any more likely to be true or not true. So it has no relevance and it has prejudicial effect because he signed a contract that requires him not to talk to Angie's List – Mr. Boas is here in this room – |
| MS. WILSON: | | Okay. So I disagree with the relevance and that's not a proper basis for which you to instruct your client not to answer. So we can just (sic) the judge on the phone and talk about this. |

[Dkt. 79-2 at 5-6.] But counsel did not contact the Court. They continued the depositions, with similar exchanges occurring each time Defendant's counsel asked questions relating to Plaintiffs' current employment with HomeAdvisor.

In the excerpts provided to the Court, Plaintiffs' counsel gives no indication the instructions not to answer were based upon any of the grounds set forth in Rule 30(c)(2). Instead, Plaintiffs' counsel asserted a lack of relevance to the lawsuit and confidentiality. Rule 30 provides three grounds for instructing a deponent not to answer. Relevance is not one of them.

4

*See Medline Industries v. Lizzo*, 2009 WL 3242299, *2 (N.D. Ill. 2009); *NDK Crystal, Inc. v. Nipponkoa Ins. Co. Inc.*, 2011 WL 43093, *3 (N.D. Ill. Jan. 4, 2011). Moreover, confidentiality concerns were not a proper basis for instructing Plaintiffs not to answer in light of the Protective Order in place in this litigation.[3] [Dkt. 32.]

Plaintiffs point to no exchange during the deposition, and the Court likewise has found none, to support a finding that Angie's List counsel met the level of abusive conduct required under Rule 30(d)(3): "bad faith or [conduct] that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). Had Plaintiffs' counsel believed the questions were harassing, she should have stated her complaint on the record, suspended the deposition and immediately contacted the Court. Instead, Plaintiffs' counsel waited more than a month to file this Motion, only doing so when Angie's List indicated that it planned to seek leave of court to reopen the depositions.

The Court's admonition is equally applicable to Defendant's counsel, who mentioned contacting the Court during Plaintiff Town's deposition, but failed to follow through.[4] Counsel could have saved time and resources, both for the Court and their clients, had they simply sought guidance from the Court during the deposition. For that reason, no fees will be awarded related to this motion.

---

[3] Plaintiffs contend a confidentiality agreement with HomeAdvisor prohibits them from disclosing anything about the company that is not public information. Plaintiffs have not even provided a copy of the alleged confidentiality agreement to the Court for review. The Court finds that designating the deponents' responses to such questions as "confidential" or "Attorneys Eyes Only" under the Protective Order would have been a more appropriate response than instructing the deponents not to answer the questions. It was plainly improper to instruct the witnesses not to answer on this basis.

[4] On June 20, 2017, the date of Plaintiff Town's deposition, one of Defendant's counsel, but not the counsel involved in the deposition, contacted the Court and inquired as to Magistrate Judge Dinsmore's availability. However, upon being informed the Magistrate Judge was not in chambers, the caller declined the Court's offer to speak with another Magistrate Judge, which is the Court's common practice in such instances. Magistrate Judge Dinsmore **was** in the office and available to assist the parties on June 13, 2017, the date of Plaintiff Myers' deposition, as well as every business day between that date and the date of Plaintiff Town's deposition. In addition, Magistrate Judge Dinsmore conducted a telephonic status conference in this case at 8:45 a.m. on June 29, 2017, the date of Plaintiff Crabtree's deposition, during which this dispute was not addressed.

The Court finds there is no basis for granting Plaintiffs' Rule 30(d)(3) motion. Although Plaintiffs contend only minutes remain of the seven-hour allotment of deposition time for each Plaintiff, this argument is inconsequential given the amount of time wasted by Plaintiffs' counsel's lengthy and meritless objections in the excerpts provided to the Court. *See Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13-CV-01316-JMS, 2015 WL 4458903, at *5 (S.D. Ind. July 21, 2015) (wherein the court granted additional time for depositions under Rule 30(d)(1) when the "repeated use of meritless objections bordered on inappropriate and frustrated the efficient use of allotted deposition time.") In that same light, the Court will grant additional time to complete the depositions in this case.

Although Plaintiffs have not yet sought a protective order pursuant to Rule 26(c) prohibiting further questions about HomeAdvisor in this case, to obviate the need for doing so the Court will discuss the issue here. Rule 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The court may limit the scope of such discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Plaintiffs assert there is "no plausible relevance" for questions related to their employment with HomeAdvisor. [Dkt. 86 at 1.] The Court agrees that Angie's List has not established some topics such as Plaintiffs' current salaries or exempt status are relevant to a claim or defense in the lawsuit against Angie's List. However, other topics related to HomeAdvisor *are* relevant. For example, Plaintiffs assert in the lawsuit that they did not perform certain exempt duties such as training at Angie's List. Whether Plaintiffs purported to HomeAdvisor that they have such training experience is therefore relevant to Plaintiffs' claims.

Similarly, Plaintiffs assert they worked more than 40 hours per week at Angie's List, in part, because they worked remotely. Therefore, exploring Plaintiffs' work habits and their practice of working remotely at HomeAdvisor also is relevant to the lawsuit. Consequently, the Court declines to invoke a blanket protective order against questions relating to Plaintiffs' employment with HomeAdvisor.

Plaintiffs' counsel argues that Angie's List should not be able to ask questions in a reconvened deposition that it "had an opportunity to ask him, and failed to ask him, in the first place." [Dkt. 86 at 2.] Based upon the Court's review of the deposition excerpts, however, once Plaintiffs' counsel shut down questioning regarding HomeAdvisor, she made it abundantly clear she would not allow the deponents to answer any further HomeAdvisor questions. Therefore, the Court also declines to limit Defendant's questions in the reconvened depositions solely to those certified during the depositions.

### III. Conclusion

Based on the foregoing, *Plaintiffs' Rule 30(d)(3) Motion to Terminate Depositions* [Dkt. 79] is **DENIED**. The parties shall reconvene Plaintiffs' depositions at their earliest convenience. The continued depositions shall not exceed an additional three hours and thirty minutes each (or a total deposition time of ten hours and thirty minutes for each deposition) from the time they recommence.

Dated: 28 AUG 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Amy Suzanne Wilson
FROST BROWN TODD LLC
awilson@fbtlaw.com

Neal Shah
FROST BROWN TODD LLC
nshah@fbtlaw.com

Jennifer Ann Rulon
FROST BROWN TODD LLC (Cincinnati)
jrulon@fbtlaw.com